NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE ALEXANDER M. SHUKH,**
*Petitioner.*

---

Miscellaneous Docket No. 132

---

On Petition for Writ of Mandamus to the United States
District Court for the District of Minnesota in case no. 10-
CV-404, Judge John R. Tunheim.

---

## ON PETITION

---

Before LINN, DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

Alexander M. Shukh seeks a writ of mandamus to direct the United States District Court for the District of Minnesota to vacate its order denying in part the petitioner's motion to compel document production of privileged documents. The defendants in the action, Seagate Technology LLC, Seagate Technology, Inc., Seagate Technology, and Seagate Technology PLC, oppose.

Mandamus is a drastic remedy reserved for extraordinary situations. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). The use of mandamus is limited to correcting a lower court's usurpation of judicial power or clear abuse of discretion. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004); *see also In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1387 (Fed. Cir. 1996). Notwithstanding the extraordinary nature of such relief, this court has issued the writ in appropriate cases to prevent the wrongful exposure of privileged or confidential communications. *See Regents*, 101 F.3d at 1387; *see also Mohawk Indus., Inc. v. Carpenter*, — U.S. – ——, 130 S.Ct. 599, 601–02, 175 L.Ed.2d 458 (2009) (noting that an appellate court may grant a writ of mandamus to correct a "particularly injurious or novel privilege ruling").

In *In re Seagate Technology*, LLC, 497 F.3d 1360, 1367 (Fed. Cir. 2007) (en banc), we explained that "'mandamus review may be granted of discovery orders that turn on claims of privilege or confidentiality when (1) there is raised an important issue of first impression, (2) the privilege would be lost if review were denied until final judgment, and (3) immediate resolution would avoid the development of doctrine that would undermine the privilege.'" (quoting *Regents*, 101 F.3d at 1388).

Shukh has not shown that he has no other adequate remedy to attain the desired relief, i.e., he has not shown that he could not raise issues concerning his requests to compel documents within any timely appeal to this court from a final district court decision. Additionally, as the documents have not been disclosed, there is no indication that a privilege would be lost if review is denied until final judgment. Instead, Shukh asserts that he is raising

3                                                  IN RE ALEXANDER SHUKH

an important issue of first impression.   We deny his petition for writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

FOR THE COURT

OCT 1 6 2012                         /s/ Jan Horbaly
————————————                         ——————————————
Date                                 Jan Horbaly
                                     Clerk

cc:  Constantine John Gekas, Esq.
     Calvin L. Litsey, Esq.
     Clerk, United States District Court for the District of
     Minnesota

s26